**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

DANIEL C HARRISON,

  Plaintiff,

    v.

ULTIMATE MEDICAL ACADEMY, et al.,

  Defendants.

CASE NO. 3:25-CV-654-DRL-SJF

**ORDER**

Several motions are pending before the Court, filed after Plaintiff's Amended Complaint was screened on January 23, 2026, under 28 U.S.C. § 1915(e)(2), where several counts that Plaintiff brought were dismissed. [DE 17]. In this order, the Court addresses Plaintiff's motions. Defendant UMA Education, Inc., doing business as Ultimate Medical Academy's ("UMA") Fed. R. Civ. P. 12(b)(6) motion to dismiss the remaining counts in Plaintiff's Amended Complaint will be addressed in due course by separate order.

Self-represented Plaintiff, who is additionally proceeding *in forma pauperis* [DE 3], brought three motions, the first which he filed on February 11, 2026. [DE 27]. In his first motion, titled Plaintiff's Motion for Limited Expedited Discovery from Defendant Ultimate Medical Academy, he requests leave to issue four requests for production to UMA prior to the parties participating in a Rule 16(b) preliminary pretrial conference.

UMA filed its response on February 25, 2026. [DE 29]. Plaintiff replied in writing on March 2, 2026. [DE 30]. Accordingly, Plaintiff's motion is ripe for ruling.

Plaintiff has since filed two additional motions requesting more time to serve Defendant Hire Image, LLC ("Hire Image"), under Fed. R. Civ. P. 4(m) and for the United States Marshals Service to effect service upon Hire Image, which remains unserved. [DEs 30, 43]. An adverse party shall have fourteen days after service of a motion in which to serve and file a response. N.D. Ind. L.R. 7-1(d)(3)(A). Failure to file a response within the time prescribed may subject the motion to summary ruling. N.D. Ind. L.R. 7-1(d)(5). No party has responded and the time for them to do has since expired. Consequently, this Court can only assume that Plaintiff's motions are unopposed. N.D. Ind. L.R. 7-1(d)(5).

This order addresses Plaintiff's request for expedited discovery first and motions requesting more time to serve Hire Image second.

## I.    PLAINTIFF'S NON-COMPLIANCE WITH SIGNATURE REQUIREMENT

As a preliminary matter, the Court notes that although Plaintiff has signed the certificates of service accompanying his motions, all of Plaintiff's motions lack a wet-ink signature. Rule 11(a) mandates that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name--or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). If this signature is absent, the Court must strike the filing, "unless the omission is promptly corrected after being called to the attorney's or party's attention." *Id.*

The Court can infer that Plaintiff intended to sign his motions in compliance with this requirement, as these filings include an electronically typed signature on a signature block. Further, Plaintiff's *pro se* status may have led him to wrongly assume that a signed certificate of service is sufficient. *See* Fed. R. Civ. P. 5(d). Despite this, Plaintiff's electronically typed signature does not comply with applicable rules and procedures. While a person's typed name on a signature block constitutes an official signature when the filing is also made using an account on the Court's electronic filing system, Plaintiff cannot use this system as a *pro se* party. *See* CM/ECF Civil and Criminal User Manual for the United States District Court Northern District of Indiana, *available*

*at* https://www.innd.uscourts.gov/sites/innd/files/ATTY%20USER%20MANUAL%2 05-29-20.pdf. Further, certificates of service are distinct from filings, so a party's signature on one cannot be imputed as a signature on both documents. *See* Fed. R. Civ. P. 5(d)(1)(b).

However, striking Plaintiff's motions based on his non-compliance and mandating him to re-file when he has attempted compliance with the applicable rules and procedures at this time only delays the case. *See United States v. Kramer*, Case No. 87-cr-40070-JPG, 2018 WL 3368496, at *1 (S.D. Ill. July 10, 2018) (reviewing Rule 11(a) signature requirement). Further, given the early stage of the case and the strong preference for resolving cases on their merits, striking Plaintiff's motions is not warranted at this time. *See Foman v. Davis*, 371 U.S. 178, 181 (1962); *see also Runnion ex*

3

*rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 520 (7th Cir. 2015).

However, the court **WARNS** Plaintiff that future filings that do not bear his wet-ink signature may be summarily stricken.

## II.    PLAINTIFF'S EXPEDITED DISCOVERY MOTION [DE 27]

Plaintiff requests leave to conduct what he contends is limited expedited discovery. UMA opposes Plaintiff's request chiefly on the basis that his request is too broad and premature.[1]

Motions for expedited discovery are brought under Fed. R. Civ. P. 26(d), which generally prohibits parties from "seek[ing] discovery from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d); *see also Roche Diagnostics Corp. v. Med. Automation Sys., Inc.*, No. 1:10-cv-01718-SEB-DML, 2011 WL 130098, at *3 (S.D. Ind. Jan. 14, 2011). Rule 26(d) does, however, allow for an exception to this general rule based upon a court order. "A party seeking expedited discovery prior to a Rule 26(f) planning conference must establish good cause for its request . . . ." *Zimmer, Inc. v.*

---

[1] UMA also argues that Plaintiff's request should be denied based on his failure to confer with UMA prior to bringing his motion. N.D. Ind. L.R. 37-1. The meet and confer requirement in Local Rule 37-1 encompasses "every motion concerning discovery." *See Imbody v. C & R Plating Corp.*, 2010 WL 3184392, Cause No. 1:08–CV–218, at *1 (N. D. Ind. Aug. 10, 2010) (denying motion for a protective order related to a subpoena directed to a third party). Noncompliance risks denial. *See* N.D. Ind. L.R. 37-1(b). However, courts have discretion to excuse the failure of a movant to abide by this requirement if he somewhat complied with the purpose of Rule 37-1 or if there is little doubt that the mandating compliance would simply delay the resolution of the parties' dispute. *Payne Jr. v. Indiana Department of Corrections*, Case No. 3:23-CV-0090-CCB-SJF, at *3 (N.D. Ind. June 23, 2025); *Washington v. Tovo*, No. 2:17-CV-128, 2018 WL 2126941, at *2 (N.D. Ind. May 9, 2018). Here, on account of Plaintiff's self-represented status noncompliance is excused; there is little doubt that mandating compliance would simply delay resolution of the parties' dispute. *Axis Ins. Co. v. Am. Specialty Ins. & Risk Services, Inc.*, Case No. 1:19-cv-00165-DRL-SLC, 2022 WL 21697161, at *11 (N.D. Ind. April 28, 2022). However, further noncompliant motions risk being summarily stricken.

*Stryker Corp.*, Case No. 3:14-CV-152 JD, 2014 WL 12805045, at *1 (N.D. Ind. Feb. 11, 2014) (citing *Roche*, 2011 WL 130098, at *3). "[D]eciding whether to permit expedited discovery and the scope of any expedited discovery depends on the facts and circumstances of the particular matter, and a demonstration why the requested discovery, on an expedited basis, is appropriate for the fair adjudication of issues before the court." *Roche*, 2011 WL 130098, at *3 (collecting cases); *Ibarra v. City of Chicago*, 816 F. Supp. 2d 541, 554 (identifying relevant factors in such an analysis as "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made").

Plaintiff seeks expedited discovery and offers broad and unspecific platitudes as to why it is necessary in this case. Specifically, Plaintiff argues that having UMA respond to the proposed requests for production he attaches as an exhibit to his motion [DE 27-1], will: promote efficient case management; clarify what facts are in genuine dispute; prevent UMA mischaracterization of facts it controls; and avoid unnecessary motion practice. [DE 27 at 4]. Finally, Plaintiff also argues that he brings his motion in order to avoid the risk of having the documents he seeks from being destroyed by UMA by virtue of its retention policy. [*Id.*].

Here, Plaintiff has not established good cause for expedited discovery. No motion for preliminary injunction is pending. Further, a review of Plaintiff's proposed requests for production reveals that they are extensive, and would be a burden for

UMA to answer, especially since its pending motion to dismiss has not yet been resolved. Plaintiff has also made his request for expedited discovery far in advance of when it is typical for parties to do so. Plaintiff has not explained why he cannot wait until the pleadings are complete to proceed with his requests. Moreover, Plaintiff has not shown that his concern about evidence being lost by UMA based on some document retention policy is anything beyond rhetorical. Indeed, UMA correctly notes that Plaintiff's fear that it will delete data entirely and ignore its duty to preserve relevant evidence that arises upon notice of litigation is speculative. *See OrthoPediatrics Corp. v. Wishbone Medical, Inc.*, Case No. 3:20-CV-929-JD-MGG, 2020 WL 9671301, at *1 (N.D. Ind. Dec. 15, 2020). Plaintiff's unsubstantiated concern does not rise to the level of good cause needed to justify expedited discovery. *Id.*

If any issues regarding UMA's retention policy manifest through the course of discovery, those issues can be handled through typical motion practice after the parties have participated in a Rule 16(b) preliminary pretrial conference. Thus, Plaintiff has not succeeded in establishing that expedited discovery, or even an expedited Rule 16(b) conference, is necessary to ensure the fair adjudication of his claims. Accordingly, his motion is denied.

### III.    PLAINTIFF'S MOTIONS FOR ADDITIONAL TIME TO SERVE [DEs 43 45]

Finally, Plaintiff brings two motions requesting an additional sixty days and additional aid to effectuate service over Hire Image. [DEs 43, 45]. These motions are unopposed. N.D. Ind. L.R. 7-1(d)(5).

Under Fed. R. Civ. P. 4(m), defendants must be served within 90 days after the complaint is filed.[2] But with good cause shown for untimely service, "the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). To show good cause, "[a]t a minimum, [a plaintiff] must show reasonable diligence in his efforts to serve the defendant." *Buggs v. United States Steel Corp.*, No. 2:23-CV-319, 2024 WL 2831221, at *2 (N.D. Ind. June 3, 2024) (citing *Bachenski v. Malnati*, 11 F.3d 1371, 1377 (7th Cir. 1993)). Likewise, good cause exists when there is a "valid reason for the delay, such as the defendant's evading service." *Coleman v. Milwaukee Bd. of Sch. Dirs.*, 290 F.3d 932, 934 (7th Cir. 2002) (citations omitted). The Court has discretion to grant an extension of time to serve process even when plaintiffs failed to act with due diligence. *Goodman v. Clark*, 2:09 CV 355, 2010 WL 2838396, at *10 (N.D. Ind. July 12, 2010).

In support the requested extension, Plaintiff explains that the initial attempt to serve Hire Image failed through no fault of his own because the United States Marshal is responsible for effectuating service based on Plaintiff's *in forma pauperis* status. [DEs 43, 45]. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). Certainly, the court must order that service "be made by a United States marshal or deputy marshal or by a person specially appointed by the court" if the plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915. Fed. R. Civ. P. 4(c)(3). However, under Rule 4(c)(1), "[t]he *plaintiff* is responsible for having the summons and complaint served within the

---

[2] The court does not charge plaintiffs with the time it takes for the court to rule on them filing for *in **forma pauperis*** status. *See Vogel v. South Bend Community School Corp.*, No. 3:11 CV 254, 2012 WL 4757690, at *2 (N.D. Ind. Oct. 5, 2012).

time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1) (emphasis added).

Here, Plaintiff has been reasonably diligent in attempting to serve Hire Image because he has provided the Court with addresses where service upon Hire Image is likely to be effectuated. [DEs 18, 19, 33] The Court has thus attempted, without success, to obtain a waiver of service or to serve Defendants at the following address: 6 Alcazar Ave., Johnston, RI 02919. [DE 42]. Plaintiff has also provided an address that he contends is where Hire Image can now be found. [*See* DE 45]. Further, the Court finds that no prejudice will arise from granting Plaintiff's motion.

With some reasonable diligence shown, and therefore, good cause shown, the Court grants Plaintiff's motion and will extend the deadline for service over Hire Image.

28 U.S.C. § 1915(d) provides that "[t]he officers of the court shall issue and serve all process, and perform all duties" for proceedings *in forma pauperis* like Plaintiff's case here. Still, Plaintiff retains responsibility for assisting with service of the summons and complaint. *See* Fed. R. Civ. P. 4(c); *Garrett v. Miller*, No. 02 C 5437, 2003 WL 1790954, at *3 (N.D. Ill. Apr. 1, 2003). Accordingly, the Court has required Plaintiff to provide addresses for the individual Defendants to assist the Court in effectuating service. *See, e.g., Moen v. Woolridge*, No. 4:25-CV-04047-SLD-RLH, 2025 WL 1361461, at *1 (C.D. Ill. May 9, 2025); *Graumenz v. United States*, No. 23-CV-2234-DWD, 2024 WL 3552412, at *9 (S.D. Ill. July 26, 2024); *Betts v. City of Marion*, No. 1:23-CV-408-HAB-SLC, 2023 WL 7298973, at *3 (N.D. Ind. Nov. 6, 2023); *Black v. Friedrichsen*, No. 1:19-CV-307, 2020 WL

1184466, at *5 (N.D. Ind. Mar. 11, 2020); *Gatewood v. Illinois Dep't of Corr.*, No. 19 CV 50275, 2019 WL 7194118, at *4 (N.D. Ill. Dec. 23, 2019).

The Court will make another attempt to obtain a waiver of service or to serve Defendant Hire Image. Here, Plaintiff requests that Hire Image be served at 7275 Ohms Lane, Edina, MN 55439.

## IV.    CONCLUSION

Accordingly, the Court **DENIES** Plaintiff's Motion for Limited Expedited Discovery from Defendant Ultimate Medical Academy. [DE 27].

Plaintiff's Supplemental Motion for Extension of Time to Serve Defendant Hire Image LLC, and for Updated Service Address is **GRANTED**. [DE 45]. His earlier-filed motion is **DENIED as MOOT**. [DE 43].

Plaintiffs' deadline to serve Defendant Hire Image LLC, is now extended by sixty days, to **July 21, 2026**, as requested.

The Court now **DIRECTS** the Clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Defendant Hire Image, LLC, at 7275 Ohms Lane, Edina, MN 55439.

**SO ORDERED** this 22nd day of May 2026.

s/Scott J. Frankel
Scott J. Frankel
United States Magistrate Judge

9